## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Travis Quan Owens,

                Petitioner,       Case No. 15-cv-10985

v.                              Judith E. Levy
                              United States District Judge

Randall Haas,[1]

                              Mag. Judge Anthony P. Patti
                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Travis Quan Owens, confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Dkt. 1.) In his application, Petitioner challenges his conviction of armed robbery, MICH. COMP. LAWS § 750.529, on six grounds.

For the reasons set forth below, the petition for a writ of habeas corpus is denied.

---

[1] The Court amends the caption to reflect the current warden and facility of Petitioner's incarceration.

# I. Background

Petitioner was convicted of armed robbery following a jury trial in the Oakland County Circuit Court, and sentenced as a habitual offender, fourth offense, to a term of twenty to forty years. *People v. Owens*, No. 29-7315, 2011 WL 2464193, at *1 (Mich. Ct. App. June 21, 2011). This Court relies on the facts recited by the trial court, which are presumed correct pursuant to 28 U.S.C. § 2254(e)(1):[2]

> At trial, Defendant admitted to having committed the store robbery and only denied that he was armed. The store was equipped with multi-angle cameras that captured the entire event on video. Thought it is clear from this Court's videotaped proceedings that the video was shown to the jury, the security video image is not visible on this Court's video. The prosecutor took the victims through the video in a narrative fashion and stopped at times to zoom in on the images.
>
> The evidence showed that, on April 9, 2009, Defendant entered the Advance America cash advance store in Pontiac, Michigan to inquire about his account. He told the assistant manager, Cynthia Miles, that his last name was "Owens" and he recited eight of the nine digits of his social security number. His account could not be located on the computer, yet he remained in the store. The store manager, Shelly

---

[2] Petitioner has submitted his own facts with the habeas petition. (Dkt. 1.) However, he has not indicated that the trial court's version is incorrect, which he must do by clear and convincing evidence before this Court may discredit the factual findings of the trial court. 28 U.S.C. § 2254(e)(1.)

Hall, eventually asked Defendant to leave, but he stayed.

After other customers left the store, Defendant grabbed Ms. Hall by the shirt with his left hand, pulled her close to him and put a knife that he was holding in his right hand to the left side of her throat. Ms. Hall testified that she saw the blade of the knife as Defendant brought it up to her throat and felt it on her neck. Defendant ordered Ms. Miles to give him the store's cash and when she hesitated, Defendant threatened to cut Ms. Hall "real bad." When Ms. Miles put the money on a table, Defendant shifted his grip and held both Ms. Hall's shirt and the knife with his right hand while he reached down for the money with his left hand, all the while keeping the blade to Ms. Hall's throat. When he dropped some of the money, Ms. Hall leaned down with him because he still held the knife to her throat. Though she could not describe the handle of the knife, Ms. Hall indicated the length of the blade with her hands. She testified that she had no doubt in her mind that the object Defendant held to her neck was a knife. She also stated that Defendant told them that he had seen their faces and threatened to kill the women if they called the police. Ms. Miles testified that she believed Defendant reached out and grabbed Ms. Hall's shirt with his left hand. Defendant also ordered Ms. Miles to give him the cash or he would cut Ms. Hall. Though she observed Defendant's hand at Ms. Hall's throat, Ms. Miles did not observe a weapon because Ms. Hall's hair was hanging down over her neck. Ms. Miles testified that she gave Defendant the money because she did not want Ms. Hall to be injured and that, based on the look on Ms. Hall's face, she did not want to take a chance. Ms. Miles also testified that Defendant threatened to come back and kill the women if they called the police. The testimony further showed that,

after Defendant left the store, the women called the police and gave their witness statements. While the police were present, the women checked the files in a filing cabinet and looked under the name "Owens." They discovered a photocopy of Defendant's driver's license and his full social security number, which matched the numbers Defendant had given them. Defendant was arrested on a warrant and bound over for trial. The jury verdict form listed the option of finding Defendant guilty of the lesser offense of unarmed robbery.

(Opinion and Order, Oakland Cty. Cir. Ct. (Mar. 8, 2013).)

Petitioner's conviction was affirmed on appeal. *Owens*, 2011 WL 2464193. The Michigan Supreme Court denied his application for leave to appeal. *People v. Owens*, 490 Mich. 913 (2011).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to MICH. CT. R. 6.500, which was denied. *People v. Owens*, No. 09-226671-FC (Oakland Cty. Cir. Ct. Mar. 8, 2013). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Owens*, No. 318067 (Mich. Ct. App. Mar. 14, 2014); *lv. den.* 497 Mich. 902 (2014); *reconsideration den.* 497 Mich. 956 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defense trial counsel was constitutionally ineffective in failing to object to the prosecutor vouching for the complainant's credibility and making an improper civic duty argument.

II. Defendant-Appellant was denied his Sixth Amendment right to the effective assistance of appellate counsel and his Fourteenth Amendment due process right to a full and fair appeal of right where appellate counsel failed to raise significant and obvious issues on his appeal of right.

III. Defendant-Appellant was denied his Sixth Amendment right to the effective assistance of trial counsel and his Sixth Amendment right to present a defense where the trial court failed to obtain an expert witness to enhance the digital video footage of the robbery, which, if investigated would have shown that the defendant-appellant was carrying a money bag.

IV. The failure of trial counsel to investigate defendant's competence and medication use at the time of trial denied defendant effective assistance.

V. Defendant's rights to trial by jury, due process and the effective assistance of counsel were violated by the inadequate responses of the trial court and defense counsel to a juror who was apparently asleep during trial.

VI. The trial court violated defendant-appellant's due process rights by failing to fully and properly administer the jury oath in accordance with the governing statute and court rule.

(Dkt. 1 at 10.)

## II. Legal Standard

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (*per curiam*) (quoting

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). An unreasonable application occurs when the state court's decision is "more than incorrect or erroneous"; "the state court's application must have been 'objectively unreasonable.'" *White v. Woodall*, ___ U.S. ___, 134 S. Ct. 1697, 1702 (2014) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

"AEDPA [] imposes a 'highly deferential standard for evaluating state-court rulings,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *see also Renico*, 559 U.S. at 773 n.1 (noting that the Supreme Court has historically viewed AEDPA's standard for reviewing state court decisions as "deferential"). Thus, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Harrington v. Richter,* 562 U.S. 86, 102 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief

so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, ___ U.S. ___, 136 S. Ct. 1149, 1151 (2016) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Finally, habeas relief is not appropriate "unless *each* ground that supported the state court's decision is examined and found to be unreasonable under the AEDPA." *Wetzel v. Lambert*, 565 U.S. 520, 525 (2012) (emphasis in original).

## III. Analysis

### A. Statute of Limitations

Respondent argues that this petition is barred by the statute of limitations because it was not filed within the one-year statute of limitations period imposed by 28 U.S.C. § 2244(d)(1). Further, Respondent argues that Petitioner is not entitled to equitable tolling because his state-court collateral attack was filed after the one-year statute of limitations expired. (Dkt. 5 at 31-38.) Respondent also argues that Petitioner has defaulted his third, fourth, and fifth claims because he failed to raise the claims on direct appeal. (Dkt. 5 at 39.)

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy might counsel

giving the [merits] question priority," such as where the merits issue is "easily resolvable" and the procedural bar involves "complicated issues of state law." *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Bales v. Bell*, 788 F.3d 568, 573 (6th Cir. 2015). And because the statute of limitations is not a jurisdictional bar to habeas review, a federal court may, in the interest of judicial economy, proceed to the merits of a habeas petition. *LaMar v. Houk*, 798 F.3d 405, 415 (6th Cir. 2015).

Here, the petition is resolvable against Petitioner on the merits regardless of the timeliness of the petition. Accordingly, the Court will assume the petition was timely and proceed to the other procedural default and merits arguments. *See Ahart v. Bradshaw,* 122 F. App'x 188, 192 (6th Cir. 2005).

## B. Ineffective Assistance of Trial Counsel

Petitioner alleges that trial counsel was ineffective by 1) failing to object to the prosecutor vouching for a witness and making improper civic duty statements during closing arguments, 2) failing to obtain an expert witness to enhance the digital video footage, 3) failing to investigate Petitioner's competence to stand trial, and 4) inadequately

responding to a juror who was allegedly asleep during trial. (Dkt. 1 at 10.)

To show that he was denied the effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two-prong test. First, the petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the petitioner must overcome a strong presumption that counsel's behavior falls within the wide range of reasonable professional assistance. *Id*. at 689. In other words, a petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id*. Second, the petitioner must show that such performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, a petitioner bears the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see Harrington* 562 U.S. at 111.

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. Furthermore, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In his first claim, Petitioner alleges that the prosecutor vouched for the victim's testimony and made civic-duty arguments during closing argument.

Petitioner cites to a comment made by the prosecutor during closing argument, which is as follows:

> And she certainly isn't going to come in here, raise her right hand to swear to tell the truth, the whole truth and nothing but the truth, and then not tell the truth?

(Dkt. 1 at 21 (quoting JT 242-43).)

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because doing so "invit[es] the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof," *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999) (internal citations omitted), and it "may induce the jury to trust the Government's judgment rather than its own view of the evidence." *Wogenstahl v. Mitchell*, 668 F.3d 307, 332 (6th Cir. 2012). However, a prosecutor is free to argue that the jury should arrive at a particular conclusion based upon the record evidence. *Caldwell*, 181 F.3d at 737. The test for improper vouching for a witness is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness' credibility. *United States v. Causey*, 834 F.2d 1277, 1283 (6th Cir. 1987). "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses

and their testimony." *Wogenstahl*, 688 F.3d at 328 (quoting *United States v. Francis,* 170 F.3d 546, 550 (6th Cir. 1999)). It is exceedingly rare for the Sixth Circuit to grant habeas relief on an improper vouching claim. *See generally Byrd v. Collins,* 209 F.3d 486, 537, n. 43 (6th Cir. 2000). Moreover, "the Supreme Court has never specifically held that a prosecutor's vouching for the credibility of a witness resulted in a denial of due process." *Wilson v. Bell*, 368 F. App'x 627, 632 n. 3 (6th Cir. 2010). Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute reversible error, a prosecutor's alleged misconduct of arguing his or her personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. *United States v. Humphrey,* 287 F.3d 422, 433 (6th Cir. 2002).

In rejecting Petitioner's claim that the prosecutor improperly vouched for the witness, the Michigan Court of Appeals stated the following:

> In this matter, the prosecutor stated, during closing argument:

> And think about this, ladies and gentlemen. The Judge is going to read you an instruction on credibility, credibility of

13

witnesses. Think about Shelly Hall. Put yourself in her position. Think about what possible motive, what possible bias she would have in this particular case to say there was a knife when there was not? Is she really going to be mistaken about an object that's placed at her throat for approximately one minute? Absolutely not, ladies and gentlemen.

And she certainly isn't going to come in here, raise her right hand to swear to tell the truth, the whole truth and nothing but the truth, and then not tell the truth[.] When the other evidence corroborates the fact that she did have a knife up against her throat. That's what she told the police five minutes after the incident occurred, and she's told you under oath what she saw.

The prosecutor's argument did not imply that he had any special knowledge or facts. Rather, the argument urged the jury to consider the circumstances that had been presented at trial and conclude that the complainant was credible. The prosecutor's argument was not improper.

*Owens,* 2011 WL 2464193, at *1.

As set forth by the court of appeals, the prosecutor did not imply that he had any special knowledge about the victim that had not been presented to the jury. When viewed in context, the prosecutor was arguing that his witness has no reason or motivation to lie, and should be found credible given the facts of the incident presented at trial. Thus, the prosecutor was not improperly vouching for the witness, and

it was not objectively unreasonable for trial counsel not to object to these statements. *See Wilson v. Bell*, 368 F. App'x 627, 636 (6th Cir. 2010).

Petitioner next alleges that trial counsel was ineffective by failing to object to the prosecutor's "civic duty" statements, arguing the following were improper because they implied the jurors needed to convict Petitioner of the higher charge, as he was a danger to the community:

> "This case is about accountability and this defendant needs to be held accountable for the decisions that he made on that particular day." (JT 247). Likewise, in the rebuttal argument, the prosecutor told the jury, among other things, that Mr. Owens "chose to rob the store. He chose to robe (sic) it with a knife and he needs to be held accountable for hat (sic) decision." (JT 259).

(Dkt. 1 at 8–9.)

The Sixth Circuit has held that "[u]nless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not *per se* impermissible." *Byrd,* 209 F.3d at 539 (quoting *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991)).

The Michigan Court of Appeals rejected Petitioner's argument that the prosecutor's remarks were improper:

> We similarly reject defendant's contention that the prosecutor made an improper civic duty argument. A civic duty argument urges the jury to convict for the good of the community, appeals to the jurors' fears and prejudices, and thereby injects issues broader than the guilt or innocence of the accused. See *Bahoda,* 448 Mich. at 282. The prosecutor in this case urged the jury to hold defendant accountable, i.e., personally responsible for his actions. The argument was properly focused on defendant's personal guilt or innocence, and not the benefit of the community. Thus, the argument was not improper.

*Owens*, 2011 WL 2464193, at *1.

Having reviewed the record, the Court concludes that the Michigan Court of Appeals reasonably applied federal law to the misconduct claim. The prosecutor's remarks were focused on holding Petitioner responsible for conduct reflected in the evidence presented at trial. Additionally, the trial court's instruction to the jury that (1) the verdict should be based only on the evidence properly admitted during trial, (2) the prosecutor's statements and arguments are not evidence, and (3) they must not let prejudice or sympathy influence their decision

(JT, pp. 259-263), defeats Petitioner's claim.  *See Knapp v. White*, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003).

Accordingly, trial counsel's failure to object was not objectively unreasonable, and Petitioner is not entitled to relief on this claim.

In his third claim, Petitioner argues that trial counsel was ineffective for failing to obtain an expert witness to enhance the digital video footage of the robbery, which allegedly would have shown that Petitioner was carrying a money bag and not a knife.

Respondent argues that Petitioner's third to fifth claims are procedurally defaulted because he failed to raise them on direct review. Petitioner first raised these claims in his postconviction motion for relief from judgment, and the state trial judge denied them, in part because Petitioner failed to show cause and prejudice, as required by MICH. CT. R. 6.508(D)(3), to excuse the fact that these claims were not raised in the direct appeal.  (Dkt. 6-7.)

"A federal court will not review the merits of claims . . . that a state court declined to hear because the prisoner failed to abide by a state procedural rule" provided that the procedural rule is an adequate and independent state ground.  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

To be an adequate and independent state ground, the procedural rule must be "adequate to support the judgment and . . . firmly established and consistently followed." *Id.* If the state court bases its decision on a such a rule, "[a] state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2064-2065 (2017) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

The Sixth Circuit has held that MICH. CT. R. 6.508(D)(3) is an adequate and independent state ground for procedural default. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (describing MICH. CT. R. 6.508(D)(3) as a "procedural-default rule"). Petitioner could have brought his ineffective assistance claims on direct review, but did not do so, as required by Michigan procedural rules, and is therefore procedurally defaulted unless he can demonstrate cause and prejudice.

First, with respect to the claim that trial counsel was ineffective for failing to obtain an expert, Petitioner attached an affidavit to his application for leave to appeal the denial of the motion for

postconviction relief to the Michigan Supreme Court, and references it in his petition. (*See* Dkt. 6-11; Dkt. 1 at 29.) No such affidavit was presented to the trial court,[3] and the United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, the Court is precluded from considering the affidvait in reviewing Petitioner's ineffective assistance of counsel claim and in determining whether the state court unreasonably applied federal law. *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590 n.3 (6th Cir. 2012) (declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record).

---

[3] Petitioner references an affidavit in his motion for postconviction relief, but the record reflects that none was actually submitted. As the trial court wrote:

> Defendant offers no explanation of how additional testimony by a security camera video expert would have assisted his defense, and no such explanation is apparent from the record. He simply claims that enhancement of the video would show that he had a money bag in his hand. However, it is just as probable that enhancement of the video would have confirmed that the pointed shape seen in his hand on the "fairly clear video" was in fact a knife.

*People v. Owens*, No. 09-226671-FC, 6.

Petitioner has submitted no evidence to indicate that an expert was available, would testify in his favor, or what the testimony would be. And a habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation; it must be supported by evidence demonstrating the effect that the expert would have on the outcome. *See Kelly v. McKee*, No. 16-1572, 2017 WL 2831019 at *5 (6th Cir. January 24, 2017); *Keith v. Mitchell*, 455 F.3d 662, 672 (6th Cir. 2006). Thus, Petitioner has not demonstrated that his claim that an expert would help him has merit and that trial counsel was ineffective for failing to obtain an expert. Accordingly, Petitioner has not shown prejudice to excuse his default.

In his fourth claim, Petitioner argues that trial counsel failed to request a forensic center evaluation for competence, knowing that "Petitioner was under the influence of such psychotropic medications as Seroquil, and an additional antidepressant medication." (Dkt. 1 at 20.)

A defendant may not be put to trial unless he or she has a sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding, and a rational—as well as a factual—understanding of the proceedings against him. *Ryan v.*

*Gonzales*, 568 U.S. 57, 66 (2013). A state may presume that a defendant is competent to stand trial and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence. *Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996). The Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process," *Ryan*, 568 U.S. at 65 (quoting *Cooper*, 517 U.S. at 354). Thus, a habeas petitioner may make a procedural due process claim based on competency by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue. *See, e.g., Wade v. Romanowski*, 12-14713, 2016 WL 1573261 (E.D. Mich. April 19, 2016). However, to succeed on the procedural claim, a habeas petitioner must demonstrate that the state "court's application of law to facts [in a competency hearing] was objectively unreasonable," *Finley v. Rogers*, 116 Fed. App'x 630, 635 (6th Cir. 2004), and that the trial court's decision was "clearly wrong." *Franklin v. Bradshaw*, 695 F.3d 439, 449 (6th Cir. 2012).

A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial. *See United*

*States v. Pitts*, No. 16-2787, 2017 WL 2820944, at *3 (6th Cir. Apr. 28, 2017). "The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin*, 695 F.3d at 447. The question for a reviewing court is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000) (quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)) (additional quotation omitted).

At the time of trial, Michigan law stated that a defendant was presumed competent, and the proper medical use of psychotropic drugs or other medications would not deem a defendant incompetent to stand trial. MICH. COMP. LAWS §§ 330.2020(1), (2).

Here, Petitioner has never alleged that the various medications rendered him incompetent to stand trial. He has also failed to provide evidence that the alleged medications rendered him incompetent either at the beginning or during his trial, and failed to provide an affidavit from trial counsel to substantiate his claim that he informed counsel of

his medications, and that the medications rendered him incompetent to stand trial. Speculation alone is insufficient to demonstrate prejudice. *Hodge v. Haeberlin*, 579 F.3d 627, 640 (6th Cir. 2009). This is especially true given that a state court's finding of competency is entitled to a presumption of correctness unless a petitioner provides clear and convincing evidence to the contrary. *Mackey*, 217 F.3d 412. And, again, Petitioner has presented no evidence to rebut the findings of the trial court. Accordingly, Petitioner cannot show prejudice to excuse his procedural default of this claim.

In his fifth claim, Petitioner argues that he was denied his due process rights when a juror slept through a portion of the proceedings. Petitioner further claims that trial counsel was ineffective for failing to adequately bring this to the judge's attention.

A state trial court's factual determination that a juror did not sleep during a habeas petitioner's trial is presumed correct absent clear and convincing evidence to the contrary. *See Mason v. Mitchell*, 320 F.3d 604, 637 (6th Cir. 2003).

The trial court rejected Petitioner's due process claim as follows:

This Court has reviewed the videotape recording of the portion of the trial referenced by Defendant. The video

shows Defendant looking in the direction of the jury box for much of the testimony. Though the courtroom's video camera does not record the jury box, the following relevant events occurred on the videotape at the noted times:

| Time | Event |
|------|-------|
| 2:32:20 | Officer-in-Charge pours a glass of water. |
| 2:33:12 | Off camera: (coughing) |
| 2:33:24 | Off camera: (coughing) |
| 2:33:30 | Off camera: (coughing) |
| 2:34:49 | Defendant leans toward counsel and gestures toward the jury box. |
| 2:35:06-2:34:14 | Defendant talking to counsel |
| 2:35:13 | The Prosecutor: "Your Honor, may we briefly approach the bench?" |
| 2:35:13-2:35:41 | Bench Conference  The Court: "Does anyone need a drink of water? Is someone coughing and need of a drink of water? Can we get this juror a drink of water , please?" |

As the video shows, less than 30 seconds passed between the time Defendant gestured toward the jury with his thumb and the proceedings were halted. The record also shows that Defendant was still talking to counsel when the prosecutor asked to approach the bench. The attorneys and this Court held a discussion and the matter apparently was resolved to counsel's satisfaction.

The record does not substantiate Defendant's suspicion that a juror may have been sleeping and, in fact. demonstrates that it is more plausible that a juror was simply coughing. It does not appear that a juror actually missed any testimony. Furthermore, counsel cannot be deemed ineffective for "doing nothing" when the prosecutor brought the matter to the Court's attention simultaneous to Defendant allegedly making the matter known to his counsel.

*Owens,* 09-226671-FC, 9-10.

Petitioner has failed to offer any clear and convincing evidence to rebut the trial court judge's factual determination that none of the jurors slept through the trial. This Court must therefore defer to the trial court judge's factual determination. Because Petitioner has failed to show that any jurors slept through his trial, Petitioner is unable to establish prejudice that would excuse his procedural default. *See United States v. Terfa,* 12 F. Appx 308, 310 (6th Cir. 2001). Accordingly, Petitioner is not entitled to habeas relief on this claim.

## C. Claim 2: Ineffective assistance of appellate counsel

Petitioner contends that appellate counsel was ineffective for failing to raise his third through fifth claims (discussed above) in his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012); *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court-appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2067 (2017).

As set forth above, Petitioner has failed to show prejudice to excuse his procedural default because the claims lack merit. Accordingly, Petitioner has not established that appellate counsel's failure to raise the claims on direct appeal was objectively unreasonable, and is not entitled to relief on this claim. *See Martin v. Mitchell*, 280 F.3d 594, 606 (6th Cir. 2002) (noting that ineffective assistance of appellate counsel cannot constitute cause if the underlying claims have no merit).

### D. Failure to administer the jury oath

In his final claim, Petitioner argues that the trial court judge violated his due process rights by failing to properly administer the jury oath. Petitioner presented this claim as a "new" claim before the

Michigan Supreme Court, and did not present it to the trial court or court of appeals. (Dkt. 6-11 at 35.)

A habeas petitioner must exhaust remedies in the state courts by fairly presenting the federal claims at the first possible opportunity within "one complete round of the State's established appellate review process." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012) (internal quotations omitted); *see* 28 U.S.C. § 2254(b)(1).

In this case, Petitioner filed his motion for relief from judgment in the trial court, and no longer has an available state court remedy. MICH. CT. R. 6.502(G); 28 U.S.C. § 2254(c). And when a prisoner fails to present his or her claims to the state courts, and has no remaining state remedy, the claims are considered exhausted by procedural default. *Kelly v. Lazaroff*, 846 F.3d 819, 827-28 (6th Cir. 2017). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Id.* at 828 (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Because Petitioner presents this claim for the first time to

the Michigan Supreme Court the claim is procedurally defaulted, and cannot be reviewed in a federal habeas corpus petition. *See id.*

Even if the claim was not procedurally barred and the trial court judge did not properly administer the jury oath, Petitioner would not be entitled to habeas relief. There is no Supreme Court precedent establishing a federal constitutional right that requires a state trial court to administer an oath to an empaneled jury. *See Baldwin v. State of Kansas,* 129 U.S. 52, 56 (1889) (finding no federal issue in the allegedly improper swearing of a state court jury); *Spearman v. Birkett*, Case No. 05-40006, 2006 WL 6032120, at *11 (E.D. Mich. Mar. 31, 2006) (petitioner not entitled to habeas relief based on the jury being given a defective oath in his state court prosecution, in the absence of any federal case law which requires that "a particular form of oath be sworn to by the jurors as a matter of federal constitutional law"); *Rodriguez v. Brown,* No. 11-1246, 2011 WL 4073748, at *9-10 (E.D.N.Y. Sept. 13, 2011) (habeas petitioner not entitled to habeas relief on claim jurors not properly sworn in at his state court trial, because "there is no Supreme Court mandate regarding the proper method of administering an oath to a jury"); *Pinkney v. Senkowski*, Case No. 03-4820, 2006 WL 3208595,

at *6 (S.D.N.Y. Nov. 3, 2006) (holding that even if petitioner established that the jurors in his state court criminal case had not been properly sworn in, he would not be entitled to habeas relief because "the writ may be granted only to remedy a violation of federal law").

Given that the Supreme Court has never found that a state trial court is required to administer an oath to an empaneled jury, the rejection of Petitioner's improper jury oath claim by the Michigan Supreme Court would not be an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 (2006). Accordingly, Petitioner is not entitled to relief on this claim.

## IV. Conclusion

For the reason set forth above, the Court will deny the petition for a writ of habeas corpus.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254

Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), which is satisfied only if reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

For the reasons set forth above, reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong, and Petitioner is not entitled to a certificate of appealability. *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V. Order**

For the reasons set forth above, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus. (Dkt. 1.)

The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: September 21, 2017   s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2017.

           s/Shawna Burns
           SHAWNA BURNS
           Case Manager